**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| INTEGRATED SPORTS MEDIA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-2891 |
| | § | |
| JUANITO'S, INC., Individually and d/b/a | § | |
| JUANITO'S NIGHT CLUB; | § | |
| JUAN A. VASQUEZ, Individually and d/b/a | § | |
| JUANITO's 2000 NIGHT CLUB, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Integrated Sports Media, Inc., as broadcast licensee of the August 12, 2009 CONCACAF World Cup Qualifier Tournament, filed a motion for entry of default and a motion for final default judgment against Juanito's, Inc., Individually and d/b/a/ Juanito's 2000 Night Club, and Juan A. Vasquez, Individually and d/b/a Juanito's 2000 Night Club.  (Docket Entry No. 8 and 9). The defendants have failed to answer the complaint, as required by Fed. R. Civ. P. 12(a)(1), making entry of default proper.  The plaintiff has filed affidavits and exhibits in support of its claims for damages and reasonable attorney's fees.  Notice to the defendants and further hearings are not necessary.  FED. R. CIV. P. 55(b)(2).  The motions are granted.

The plaintiff's submissions establish unauthorized interception and display of a display of a closed-circuit telecast boxing match, in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605.

The record includes a copy of the license agreement between the plaintiff and the promoter of the August 12, 2009, Trinidad & Tobago v. El Salvador World Cup Qualifier Game, including

undercard or preliminary bouts. Under the license, the plaintiff had the right to exhibit and sublicense the right to exhibit the closed-circuit telecast at issue to commercial establishments in Texas. Only establishments that the plaintiff contractually authorized could lawfully exhibit the September 19, 2009 broadcast in Texas. If a commercial establishment was authorized by the plaintiff to receive and broadcast the event, arrangements would be made to allow the establishment to receive an "unscrambled" signal for the broadcast. Neither the defendants nor any representative of the defendants entered into a contract to obtain the rights to the broadcast or paid the necessary fee to display it. The defendants intercepted (or assisted in the interception of) the broadcast and displayed it to patrons of the defendants' establishment, Juanito's 2000 Night Club, without paying licensing fees. In order to obtain the signal, the defendants would have had to use an unauthorized decoder or satellite access card or otherwise illegally obtain an unscrambled signal. License fees are based on the establishment's capacity. For this event, the commercial sublicense fee would have been $1,500.00.

The plaintiff filed this suit. The defendants were served but failed to answer.

**II.    Analysis**

Section 605 of the Communications Act governs the "unauthorized publication or use of communications." 47 U.S.C. § 605. An individual violates section 605 by displaying an intercepted communication. Under section 605(e)(3), the "party aggrieved" may elect to recover either the actual damages sustained or statutory damages for each violation, in a sum of not less than $1,000.00 or more than $10,000.00. In any case in which the court finds that the violation was committed "willfully" or for the purpose of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an amount of not less than $10,000.00 and not more

than $100,000.00.  47 U.S.C. § 605(e)(3)(C)(ii).  Costs and fees may be awarded.  47 U.S.C. § 605(e)(3)(B)(iii).

The record establishes that the defendants displayed the boxing match, without authorization, for commercial gain, establishing liability under section 605.  The plaintiff is entitled to recover statutory damages.  Several factors present in this case favor granting the maximum statutory damages of $10,000.00, as requested.  The record establishes that defendants broadcast the event using an unlawful device.  The event was broadcast to patrons of Juanito's 2000 Night Club on ten television screens, including two big-screen televisions.  These factors, the difficulty in detecting unlawful interception, the widespread problem of piracy, the projected loss to plaintiff, and the need for an award sufficient to deter future piracy by defendants and others, weigh in favor of granting maximum statutory damages.  The plaintiff has shown the basis for an award of $10,000.00 in damages under section 605(e)(3)(C)(i)(II).

The plaintiff also seeks an award of additional damages.  Section 605 states that in any case in which the court finds that the violation was committed willfully and for the purpose of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an amount of not more than $100,000.00.  47 U.S.C. § 605(e)(3)(C)(ii).  The record shows that defendants showed the boxing match on 10 televisions, to 10 patrons, in an establishment with a capacity of approximately 200.  The boxing match was shown for the purpose of increasing the business, customers, and sales revenue.  Based on the undisputed evidence, this court finds a willful violation and awards $25,000.00 additional damages beyond the $10,000.00.

As the prevailing party, the plaintiff is entitled to an award of its costs, including reasonable attorney's fees.  47 U.S.C. § 605(e)(3)(B)(iii).  The plaintiff has submitted an affidavit from its

counsel supporting an award based on the lodestar fee calculation. The affidavit supports an attorney's fee award in the amount of $1,000.00, based on a $250.00 per hour rate. The submission demonstrates that the fees sought are reasonable.

The plaintiff has established its entitlement to judgment in the amount of $10,000.00 in statutory damages; $25,000.00 in enhanced damages; reasonable attorney's fees in the amount of $1,000.00, costs of court, and postjudgment interest on all of the above at the rate of 0.12 % *per annum*. Final judgment will be entered by separate order.

SIGNED on January 11, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge